**Donna BRADLEY, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 7335.**

Court of Appeals of Alaska.

May 6, 1983.

---

Cynthia Strout, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Russell S. Babcock, Asst. Dist. Atty., Victor C. Krumm, Dist. Atty., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

On July 3, 1982, Donna Bradley accidentally drove her car into a ditch alongside Seward Highway. She and her passenger went to the Providence Hospital emergency room for treatment. Bradley's treating physician, Dr. Clifford Merchant, requested a blood test for medical purposes. The test revealed a blood alcohol content of .20%. After learning of the test, Trooper Gibson asked Bradley to sign a waiver releasing the test results to him. Bradley did so, and Trooper Gibson subsequently arrested her for violating AS 28.35.030(a) by driving while intoxicated.

Bradley filed a pretrial motion to suppress the blood test results on two grounds. First, the hospital had followed its usual policy and disposed of Bradley's blood sample after three days. Even though the blood sample was never in state custody, Bradley argued that the state had violated a duty to preserve the sample, thus denying her rights to confrontation [1] and due process.[2] Second, she alleged that she had not knowingly and voluntarily consented to the release of the blood test results. Thus, the state assertedly violated her right against unreasonable search and seizure.[3] After a suppression hearing, Judge John D. Mason denied Bradley's motion.

At trial, Judge Virgil D. Vochoska admitted Bradley's blood test results into evidence over her objection, under the business records exception to the hearsay evidence rule.[4] Bradley was convicted of driving while intoxicated. Judge Vochoska sentenced her to forty-five days with all but 240 hours suspended, a $300 fine, and a sixty-day driver's license revocation (all suspended pending appeal).

Bradley appeals her conviction, contending that Judge Mason erroneously denied her suppression motion and that Judge Vochoska erred in admitting her blood test results. We affirm.

## DUTY TO PRESERVE BLOOD SAMPLE

■ It is undisputed that Providence Hospital could have preserved Bradley's blood sample upon request by Bradley or the state. Bradley urges that the state had the "positive duty" to preserve the sample.

In *Lauderdale v. State,* 548 P.2d 376, 380–83 (Alaska 1976), the supreme court held that the state must preserve used ampoules from a breathalyzer test for the defendant's examination. *See* Feldman, *Criminal Procedure in Alaska,* 9 U.C.L.A.—Alaska L.Rev. 109, 129 (1980). More recently, in *Anchorage v. Serrano,* 649 P.2d 256, 260 (Alaska App.1982), we held that "due process does require the prosecution to make reasonable efforts to preserve a breath sample in those cases in which they wish to admit the results of a breath test." Bradley contends that these cases are controlling.

Bradley's case is distinguishable. As Judge Mason stressed: a) the blood sample was taken by and was in the possession of an independent entity (Providence Hospital) rather than the state and b) on the facts of this case, both the defendant and the state had the opportunity to preserve the sample.[5] We find this reasoning persuasive, and conclude Judge Mason did not err in ruling that the blood test results were admissible even though the state had not preserved the blood sample.

## WAIVER RELEASING BLOOD ALCOHOL TEST RESULTS

■ Consent to a warrantless search or seizure must be unequivocal, specific, intel-

1. U.S. Const. amend. VI; Alaska Const. art. 1, § 11.

2. U.S. Const. amend. XIV; Alaska Const. art. 1, § 7.

3. U.S. Const. amend. IV; Alaska Const. art. 1, § 14.

4. A.R.E. 803(6) states:
   The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
   . . . .
   (6) *Business Records.* A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge acquired of a regularly conducted business activity, and if it was the regular practice of that business activity to make and keep the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

5. The trial court's findings demonstrate that the defendant knew that the hospital had taken a blood test, and that the state had obtained the results of the test. The court ruled that the defendant was not precluded from contacting the hospital in order to have the hospital preserve the blood sample.

ligently given, and uncontaminated by duress or coercion in order to be voluntary. *Erickson v. State,* 507 P.2d 508, 515 (Alaska 1973); *see Doyle v. State,* 633 P.2d 306, 309 (Alaska App.1981). Bradley contends that the trial court erred in finding that her signed waiver was a valid consent, since she signed the waiver late at night while being treated in an emergency room after an automobile accident, she was upset over her passenger's injuries, and she assertedly did not know what she was signing.

At the suppression hearing, Trooper Gibson testified that Bradley appeared rational, that she did not seem confused, and that she was cooperative. He felt that Bradley understood the waiver, and stated that he did not trick her into signing it. Trooper Gibson testified that he had read Bradley her *Miranda* rights prior to asking her consent to release the blood test results.

Judge Mason found from the evidence that Bradley knew what she was signing, that she was not coerced or subjected to duress in any manner, and that she intelligently gave her consent. "[G]reat deference is afforded the trier of fact's resolution of factual findings and testimonial conflicts because of its ability to observe the witnesses' demeanor." *Van Cleve v. State,* 649 P.2d 972, 976 n. 6 (Alaska App.1982). After reviewing the record and the trial court's factual findings, we conclude that the court did not err in its ruling.

## ADMISSION OF BLOOD ALCOHOL TEST RESULTS UNDER THE BUSINESS RECORDS EXCEPTION

In *Sullivan v. Anchorage,* 577 P.2d 1070 (Alaska 1978), the supreme court ruled that results of a hospital blood alcohol test were admissible as business records in a DWI trial upon proper foundation. Bradley attempts to distinguish *Sullivan* on the ground that it was decided prior to the enactment of AS 28.35.030(a)(2), which prohibits driving with a blood alcohol level of .10% or greater, and municipal ordinances creating presumptions of intoxication based upon a .10% blood alcohol level. This distinction is illusory on the facts of

her conviction. Bradley was convicted under AS 28.35.030(a)(1), which prohibits driving "while under the influence."

Bradley also attempts to distinguish *Sullivan* on the ground that in that case "the technician who actually performed the chemical tests did testify, enabling the defendant there to at least cross-examine minimally on chain of custody issues." The *Sullivan* testing technician was not able to recall who drew Sullivan's blood sample. However, the court stated:

> This test was ordered for medical reasons and it is reasonable to assume that hospital staff members are competent in the performance of their duties. Crucial life and death decisions are often made in hospitals on the basis of this presumption. We do not believe there is anything to gain by requiring a mechanistic parade of witnesses to ensure that the possibility of error or tampering is precluded beyond any doubt.

*Id.* at 1073.

In *Cooley v. Anchorage,* 649 P.2d 251, 254–55 (Alaska App.1982), we held that admission of breathalyzer test results did not violate defendants' rights of cross-examination and due process. Much of our reasoning in that case is applicable to the issue at bar. Bradley had the opportunity to attack the blood test results by presenting evidence concerning the drawing of the blood sample, the chain of custody, the accuracy of the test, and the qualifications of the personnel involved. We find that Judge Vochoska did not err in admitting the blood test results.

Accordingly, we AFFIRM Bradley's conviction.