Frank DAVIS, Appellant,

v.

STATE of Alaska, Appellee.

No. 7794.

Court of Appeals of Alaska.

July 27, 1984.

Dick L. Madson, Cowper & Madson, Fairbanks, for appellant.

Richard W. Maki, Asst. Atty. Gen., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

■ Frank Davis was convicted by a jury of one count of criminally negligent homicide, AS 11.41.130,[1] and one count of reckless endangerment, AS 11.41.250.[2] The charges grew out of a motor vehicle accident in which a Cadillac driven by Davis collided with a pickup truck driven by Albert Robertson. Robertson was injured and his passenger, Edward Wilson, was killed. Davis appeals contending, *inter alia*,[3] that the verdicts are irreconcilably in

---

**1.** AS 11.41.130 provides, in pertinent part:
> *Criminally Negligent Homicide.* (a) A person commits the crime of criminally negligent homicide if, with criminal negligence, he causes the death of another person.

**2.** AS 11.41.250 provides, in pertinent part:
> *Reckless Endangerment.* (a) A person commits the crime of reckless endangerment if he recklessly engages in conduct which creates a substantial risk of serious physical injury to another person.

**3.** Davis raises other issues which may arise on retrial and should be addressed. He argues that the trial court's instructions on causation may have misled the jury by indicating that it was not necessary that causation be proved beyond a reasonable doubt. When read together, the instructions may be open to this criticism. The trial court should take care on retrial to ensure that the jury understands that causation is an element of the offense that must be proved beyond a reasonable doubt.

Davis argues that the trial court erroneously admitted evidence of a blood-alcohol test without a proper foundation. We have reviewed the

record and are satisfied that the state laid a sufficient foundation for admission of the blood test. *See Sullivan v. Anchorage,* 577 P.2d 1070 (Alaska 1978); *Bradley v. State,* 662 P.2d 993 (Alaska App.1983).

Davis also argues that the trial court erred in denying his motion to dismiss the indictment. We disagree. Evidence that Davis had been drinking all day, that he drove into a ditch earlier in the day, that he was travelling at an excessive rate of speed, and that his vehicle was straddling the centerline at the time of the collision was sufficient to support the indictment returned. The trial court did not err in denying the motion to dismiss the indictment.

Davis further argues that the evidence produced at trial was insufficient to support a conviction for criminally negligent homicide and reckless endangerment. Davis argues that, at most, his vehicle came to rest only partly over the centerline and that the Robertson vehicle came to rest on Davis's side of the road. He also points out that damage to the Robertson vehicle indicated that it could have been struck on the passenger side. Davis infers that a jury could only conclude that it was the Robertson vehicle

conflict. *See DeSacia v. State*, 469 P.2d 369, 375–78 (Alaska 1970). We reverse.

■ In *Roberts v. State*, 680 P.2d 503 (Alaska App.1984), we held that "claims of inconsistent jury verdicts in criminal cases will not be considered on appeal unless an objection to the verdicts is first made in the trial court, before the jury is discharged." *Id.* at 507. Davis did not object to any inconsistency in the jury verdicts until four days after the jury was discharged. We must therefore analyze his arguments under the plain error standard established in Alaska R.Crim.P. 47(b).

Davis was charged with manslaughter for recklessly causing the death of Wilson. AS 11.41.120(a)(1). The jury was unable to reach a verdict on this charge, and Davis was convicted of criminally negligent homicide. AS 11.41.130. Davis was also charged with second-degree assault for recklessly causing serious physical injury to Robertson by means of a dangerous instrument. Former AS 11.41.210(a)(3). Davis was acquitted of this offense and of the lesser-included offense of fourth-degree assault, AS 11.41.230 (causing physical injury by means of a dangerous instrument with criminal negligence). Instead, Davis was convicted of reckless endangerment for recklessly engaging in conduct which created a substantial risk of serious physical injury to Robertson. AS 11.41.250.

In effect, Davis makes two arguments regarding inconsistent verdicts. First, he argues that the finding that he acted with criminal negligence with respect to Wilson conflicts with the finding that he acted recklessly with respect to Robertson. Second, he argues that the finding that he caused Wilson's death is inconsistent with the finding that he did not cause Robertson's injuries. We accept Davis's second

argument, making it unnecessary for us to consider his first argument.

Davis's conviction for criminally negligent homicide had to be based on a finding that he caused the motor vehicle accident and that Wilson's death resulted from that accident. However, Davis argues, and the state concedes, that the jury's decision to acquit Davis of second-degree assault and fourth-degree assault could have been based on a conclusion that he had not caused Robertson's injuries. The state argues, however, that the jury could also have found that Robertson was not injured or, alternatively, that Davis did not employ a dangerous instrument. We disagree. The evidence is undisputed that Robertson suffered substantial injury in the accident. Thus, the jury's verdict absolving Davis from liability from assault could not be based on a finding that he was not injured.

The state's contention that the verdicts can be reconciled by finding that Davis's automobile was not a "dangerousness instrument" is also without merit. The jury was instructed in conformity with AS 11.-81.900(b)(11) that a "dangerous instrument" means anything which under the circumstances in which it is used is capable of causing death or serious physical injury. The evidence established that Davis used his vehicle by driving it on the highway and that a collision with Robertson's vehicle resulted. The jury found that the collision caused Wilson's death. Under the circumstances, in finding Davis guilty of negligent homicide, the jury must have found that the vehicle, used as it was, was capable of causing death or serious physical injury. The jury could not therefore have rationally concluded that it was not a dangerous instrument. The verdicts are therefore irreconcliably inconsistent.

that crossed the centerline and caused the collision in Davis's lane of traffic. Assuming that Davis's theory is correct, an issue we do not resolve, we reject this argument. Evidence that Davis was substantially intoxicated, that he had not managed to remain in his lane of traffic on other occasions during the hours preceding the accident, and that he was driving at an excessive rate of speed could have supported a jury infer-

ence that Davis swerved across the centerline into the path of the Robertson vehicle and that Robertson drove into Davis's lane to avoid a collision only to be met by Davis returning to his lane. Under the circumstances, a jury could infer that Davis was criminally negligent and that his criminal negligence caused Wilson's death even if his theory of the evidence was correct.

We are also satisfied that the error in receiving the verdicts was plain. Alaska R.Crim.P. 47(b). A plain error is one that is obvious and prejudicial. In *DeSacia*, the supreme court recognized that permitting inconsistent verdicts to stand substantially prejudices a defendant. 469 P.2d at 374. The question then is: Is the inconsistency in these verdicts "obvious?" We are satisfied that the verdicts, which reflect a conclusion that Davis caused Wilson's death but did not cause Robertson's injuries, are so obviously inconsistent that they satisfy the plain error test.

The state argues that the evidence was overwhelming that Davis was at least negligent and that his negligence caused Wilson's death. If the verdicts are inconsistent, the state reasons, the only inconsistency is in absolving Davis from responsibility for Robertson's injuries perhaps because the jury improperly found Robertson guilty of contributory negligence and excused Davis on that basis. The state concludes that we should vacate Davis's conviction for reckless endangerment but allow his conviction for criminally negligent homicide to stand. We disagree. Davis's theory of the case at trial was that Robertson negligently crossed the centerline and collided with Davis, and that Robertson was the sole cause of the accident. Under this theory, any recklessness or negligence of Davis in driving while intoxicated, driving erratically earlier in the day and driving at an excessive rate of speed would have been legally irrelevant to his liability for Wilson's death or Robertson's injuries. The jury expressed some uncertainty about the definition of legal causation. We are not convinced that the jury's confusion did not extend to its resolution of the issue of Davis's responsibility for Wilson's death as well as Robertson's injuries. Under the circumstances, Davis is entitled to a new trial on the negligent homicide charge and the reckless endangerment charge.

Our disposition of the case makes it unnecessary for us to address Davis's sentencing arguments.

The judgment of the superior court is REVERSED and the case is REMANDED for a new trial.